## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>**This Document relates to**<br>*Bien v. 3M Co.* (No. 2:20-cv-00257) |

### DEFENDANTS TYCO FIRE PRODUCTS LP AND CHEMGUARD, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Tyco Fire Products LP ("Tyco") and Chemguard, Inc. ("Chemguard") hereby answer the First Amended Complaint ("Complaint") filed by Plaintiff Michael Bien ("Plaintiff"). This Answer is based on Tyco and Chemguard's investigation to date, and Tyco and Chemguard reserve the right to supplement or amend this Answer during the course of the litigation as new information is learned.

All allegations not specifically admitted are denied. In particular, the Complaint routinely refers to "Defendants" generally, which includes numerous entities other than Tyco and Chemguard. Unless an allegation as to those other defendants is specifically admitted herein, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of any allegations regarding those defendants and, on that basis, deny them. Additionally, to the extent any headings or subheadings in the Complaint are intended as allegations, those allegations are denied.

## INTRODUCTION

1.     The allegations of Paragraph 1 purport to describe this action as set forth in the Complaint, which speaks for itself. To the extent a further response is required, Tyco and Chemguard deny that Plaintiff is entitled to any damages or remedies against them.

2.     To the extent the allegations of Paragraph 2 are directed at Tyco and Chemguard, Tyco and Chemguard admit that they have manufactured and sold certain AFFF products. To the extent the remaining allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

3.     To the extent the allegations of Paragraph 3 are directed at Tyco and Chemguard, Tyco and Chemguard admit that they have manufactured and sold certain AFFF products, including to the U.S. Navy. To the extent the remaining allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them. The final sentence of Paragraph 3 sets forth a naming convention to which no response is required.

4.     Tyco and Chemguard admit that PFOS and PFOA are fluorosurfactants that repel oil, grease, and water. To the extent the remaining allegations of Paragraph 4 are directed at Tyco and Chemguard, those allegations are denied. To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny

them.  The second sentence of Paragraph 4 sets forth a naming convention to which no response is required.

5.      The allegations of Paragraph 5 are vague and ambiguous and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 and, on that basis, deny them.

6.      Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 and, on that basis, deny them.

7.      Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 and, on that basis, deny them.

8.      Paragraph 8 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, and to the extent that the allegations of Paragraph 8 are directed at Tyco and Chemguard, Tyco and Chemguard deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

9.      To the extent the allegations of Paragraph 9 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

10.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 and, on that basis, deny them.

11.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 and, on that basis, deny them.

## PARTIES

**Plaintiff**

12.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 and, on that basis, deny them.

13.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13 and, on that basis, deny them.

14.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14 and, on that basis, deny them.

15.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15 and, on that basis, deny them.

16.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 and, on that basis, deny them.

17.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17 and, on that basis, deny them.

18.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 and, on that basis, deny them.

19.     Paragraph 19 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

20.     Paragraph 20 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

21.     To the extent Paragraph 21 seeks to characterize Plaintiff's praecipe, CMO 3, or a stipulation with Defendants, Tyco and Chemguard respond that the referenced documents speak for themselves and deny any attempt to characterize them. Further, the allegations of this paragraph state legal conclusions to which no response is required.

**<u>Defendants</u>**

22.     The allegations of Paragraph 22 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

23.     The allegations of Paragraph 23 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

24.     The allegations of Paragraph 24 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

25.     Tyco and Chemguard admit the allegations of the first sentence of Paragraph 25. The allegations of the second sentence are vague and ambiguous as to what is meant by "throughout the United States" and, on that basis, those allegations are denied.

26.     Tyco and Chemguard admit that Tyco is the successor in interest to The Ansul Company ("Ansul") and manufactured products, including AFFF, under that name. The remaining allegations in Paragraph 26 are otherwise denied.

27.     Tyco and Chemguard admit that Tyco has manufactured and sold fire suppression products, including AFFF. The remaining allegations in Paragraph 27 are vague and ambiguous and are otherwise denied.

28.     Tyco and Chemguard admit that Tyco has manufactured and sold AFFF. The remaining allegations in Paragraph 28 are vague and ambiguous and are otherwise denied.

29.     Tyco and Chemguard admit that Tyco has manufactured and sold AFFF. The allegations of Paragraph 29 are otherwise vague and ambiguous and Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 29 and, on that basis, deny them.

30.     Tyco and Chemguard admit the allegations of the first sentence of Paragraph 30. The allegations of the second sentence are vague and ambiguous as to what is meant by "throughout the United States" and, on that basis, those allegations are denied. As to the third sentence, Tyco and Chemguard admit that Chemguard has manufactured and sold AFFF. The allegations of the third sentence of this paragraph are otherwise denied.

31.     Tyco and Chemguard admit that Chemguard has manufactured and sold AFFF. The allegations of Paragraph 31 are otherwise vague and ambiguous and Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 31 and, on that basis, deny them.

32.     The allegations of Paragraph 32 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

33.     The allegations of Paragraph 33 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

34.     The allegations of Paragraph 34 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

35.     The allegations of Paragraph 35 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

36.     The allegations of Paragraph 36 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

37.     The allegations of Paragraph 37 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

38.     The allegations of Paragraph 38 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

39.     The allegations of Paragraph 39 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

40.     The allegations of Paragraph 40 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

41.     The allegations of Paragraph 41 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

42.     The allegations of Paragraph 42 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

43.     The allegations of Paragraph 43 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

44.     The allegations of Paragraph 44 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

45.     The allegations of Paragraph 45 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

46.     The allegations of Paragraph 46 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

47.     The allegations of Paragraph 47 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

48.     The allegations of Paragraph 48 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

49.     The allegations of Paragraph 49 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

50.     The allegations of Paragraph 50 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

51.     The allegations of Paragraph 51 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

52.     The allegations of Paragraph 52 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

53.     The allegations of Paragraph 53 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

54.     The allegations of Paragraph 54 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

55.     The allegations of Paragraph 55 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

56.     The allegations of Paragraph 56 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

57.     The allegations of Paragraph 57 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

58.     The allegations of Paragraph 58 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

59.     The allegations of Paragraph 59 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

60.     To the extent the allegations of Paragraph 60 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

61.     The allegations of Paragraph 61 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

62.     The allegations of Paragraph 62 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

63.     The allegations of Paragraph 63 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

64.     The allegations of Paragraph 64 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

65.     The allegations of Paragraph 65 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

66.     The allegations of Paragraph 66 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

67.     The allegations of Paragraph 67 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

68.     The allegations of Paragraph 68 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

69.     The allegations of Paragraph 69 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

70.     The allegations of Paragraph 70 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

71.     The allegations of Paragraph 71 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

72.     The allegations of Paragraph 72 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

73.     The allegations of Paragraph 73 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

74.     The allegations of Paragraph 74 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

75.     The first sentence of Paragraph 75 sets forth a naming convention to which no response is required. The second sentence of Paragraph 75 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard deny them.

76.     The allegations of Paragraph 76 state legal conclusions to which no response is required. Insofar as any responsive pleading is required, and to the extent that the allegations of Paragraph 76 are directed at Tyco and Chemguard, Tyco and Chemguard deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

77.     The allegations of Paragraph 77 purport to explain how the allegations within the Complaint should be construed and/or state legal conclusions to which no response is required. Insofar as any responsive pleading is required, and to the extent that the allegations of Paragraph 77 are directed at Tyco and Chemguard, Tyco and Chemguard deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

78.     The allegations of Paragraph 78 purport to explain how the allegations within the Complaint should be construed and therefore set forth no factual allegations to which a response is required. To the extent this paragraph states legal conclusions, no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard deny the allegations of this paragraph.

**JURISDICTION AND VENUE**

79.     Paragraph 79 states legal conclusions to which no response is required.  Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

80.     To the extent Paragraph 80 seeks to characterize CMO 3, Tyco and Chemguard respond that CMO 3 speaks for itself and deny any attempt to characterize it. Further, the allegations of this paragraph state legal conclusions to which no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

81.     Paragraph 81 states legal conclusions to which no response is required.  Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

82.     Paragraph 82 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

83.     Paragraph 83 states legal conclusions to which no response is required.  Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

84.     Paragraph 84 states legal conclusions to which no response is required.  Insofar as any responsive pleading is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, deny them.

## **GENERAL FACTUAL ALLEGATIONS**

85.     Paragraph 85 is admitted.

86.     Tyco and Chemguard admit that perfluoroalkyl carboxylic acids and perfluoroalkane sulfonates are two subcategories of PFAS compounds. The remaining allegations of Paragraph 86 are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them.

87.     Tyco and Chemguard admit that PFOS and PFOA are characterized by carbon-fluorine bonds. The remaining allegations of Paragraph 87 are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them.

88.     The allegations of Paragraph 88 are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them.

89.     To the extent that Paragraph 89 purports to describe and characterize unnamed "[s]tudies" on "exposure to fluorochemicals," Tyco and Chemguard respond that the studies speak for themselves and deny any attempt to characterize them. The remaining allegations of Paragraph 89 are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them.

90.     To the extent that Paragraph 90 purports to describe and characterize unnamed "[s]tudies," Tyco and Chemguard respond that the studies speak for themselves and deny any attempt to characterize them.

91.     The allegations of Paragraph 91 are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them.

92.     To the extent that Paragraph 92 purports to describe and characterize the EPA document cited in footnote 1, Tyco and Chemguard respond that the document speaks for itself and deny any attempt to characterize it.

93.     The allegations of Paragraph 93 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

94.     The allegations of Paragraph 94 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

95.     Tyco and Chemguard admit that AFFF was designed to extinguish Class B fires, like those fueled by flammable liquid and that Class B fires cannot be safely extinguished with water. Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on that basis, deny them.

96.     As to the allegations of Paragraph 96, it is admitted that the foam formed by AFFF concentrate is used to suppress flammable liquid fires, but denied that the remaining allegations of Paragraph 96 accurately and fully describe the process by which it does so.

97.     To the extent the allegations of Paragraph 97 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

98.     The allegations of Paragraph 98 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

99.     Tyco and Chemguard admit that Ansul began to manufacture and sell AFFF in the 1970s.  To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

100.     Tyco and Chemguard admit that Chemguard began to manufacture and sell AFFF in the 1990s.  To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

101.    The allegations of Paragraph 101 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

102.    The allegations of Paragraph 102 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

103.    Admitted that the Department of Defense and the U.S. Navy used AFFF to extinguish fuel-based fires.  The allegations of Paragraph 103 are otherwise vague and ambiguous and, on that basis, Tyco and Chemguard deny them.

104.    The allegations of Paragraph 104 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

105.    The allegations of Paragraph 105 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

106.    The allegations of Paragraph 106 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

107.    The allegations of Paragraph 107 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

108.    To the extent the allegations contained in Paragraph 108 are directed at Tyco and Chemguard, those allegations are vague and ambiguous as to which products and at what times,

and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

109.    The allegations of Paragraph 109 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

110.    The allegations of Paragraph 110 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

111.    To the extent that Paragraph 111 purports to describe and characterize the quoted EPA document, Tyco and Chemguard respond that the document speaks for itself and deny any attempt to characterize it.

112.    To the extent that Paragraph 112 purports to describe and characterize the quoted EPA document, Tyco and Chemguard respond that the document speaks for itself and deny any attempt to characterize it.

113.    To the extent the allegations of Paragraph 113 are directed at Tyco and Chemguard, Tyco and Chemguard admit that they continued to manufacture and sell AFFF after 3M's market exit. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

114.    To the extent the allegations of Paragraph 114 are directed at Tyco and Chemguard, those allegations are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and

Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

115.     To the extent the allegations of Paragraph 115 are directed at Tyco and Chemguard, those allegations are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

116.     To the extent the allegations of Paragraph 116 are directed at Tyco and Chemguard, those allegations are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

117.     To the extent the allegations of Paragraph 117 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

118.     The allegations of Paragraph 118 are vague and ambiguous and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 118 and, on that basis, deny them.

119.      To the extent the allegations of Paragraph 119 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

120.    To the extent the allegations of Paragraph 120 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

121.    To the extent the allegations of Paragraph 121 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

122.    To the extent the allegations of Paragraph 122 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

123.    To the extent the allegations of Paragraph 123 are directed at Tyco and Chemguard, Tyco and Chemguard admit that they manufactured and sold AFFF but otherwise deny the allegations. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

124.    The allegations of Paragraph 124 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

125.    The allegations of Paragraph 125 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

126.    The allegations of Paragraph 126 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

127.    The allegations of Paragraph 127 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

128.    The allegations of Paragraph 128 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

129.    The allegations of Paragraph 129 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

130.    The allegations of Paragraph 130 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

131.    The allegations of Paragraph 131 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

132.    The allegations of Paragraph 132 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

133.     The allegations of Paragraph 133 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

134.     The allegations of Paragraph 134 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

135.     The allegations of Paragraph 135 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

136.     The allegations of Paragraph 136 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

137.     The allegations of Paragraph 137 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

138.     The allegations of Paragraph 138 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

139.     The allegations of Paragraph 139 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

140.    The allegations of Paragraph 140 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

141.    The allegations of Paragraph 141 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

142.    The allegations of Paragraph 142 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

143.    The allegations of Paragraph 143 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

144.    The allegations of Paragraph 144 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

145.    To the extent that Paragraph 145 purports to describe and characterize the quoted EPA document, Tyco and Chemguard respond that the document speaks for itself and deny any attempt to characterize it.

146.    The allegations of Paragraph 146 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

147.    The allegations of Paragraph 147 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

148.    The allegations of Paragraph 148 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

149.    The allegations of Paragraph 149 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

150.    The allegations of Paragraph 150 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

151.    The allegations of Paragraph 151 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

152.    The allegations of Paragraph 152 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

153.    The allegations of Paragraph 153 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

154.    The allegations of Paragraph 154 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

155.    The allegations of Paragraph 155 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

156.    The allegations of Paragraph 156 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

157.    The allegations of Paragraph 157 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

158.    The allegations of Paragraph 158 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

159.    The allegations of Paragraph 159 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

160.    The allegations of Paragraph 160 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

161.    The allegations of Paragraph 161 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

162.    The allegations of Paragraph 162 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

163.    The allegations of Paragraph 163 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

164.    The allegations of Paragraph 164 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

165.    The allegations of Paragraph 165 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

166.    The allegations of Paragraph 166 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

167.    The allegations of Paragraph 167 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

168.     The allegations of Paragraph 168 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

169.     Paragraph 169 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, and to the extent that the allegations of Paragraph 169 are directed at Tyco and Chemguard, Tyco and Chemguard deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

170.     Paragraph 170 states legal conclusions to which no response is required. Insofar as any responsive pleading is required, and to the extent that the allegations of Paragraph 170 are directed at Tyco and Chemguard, Tyco and Chemguard deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

171.     To the extent the allegations of Paragraph 171 are directed at Tyco and Chemguard, Tyco and Chemguard deny them. To the extent the remaining allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

172.     Paragraph 172 is denied.

173.     The allegations of Paragraph 173 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

27

174.    The allegations contained in Paragraph 174 are vague and ambiguous as to the timeframe to which they refer, the defendants to which they refer, and what "knowledge and information" they refer. On that basis, Tyco and Chemguard deny the allegations of this paragraph.

175.    Paragraph 175 is denied.

176.    Paragraph 176 is denied.

177.    Paragraph 177 is denied.

178.    The allegations contained in Paragraph 178 are vague and ambiguous as to what newsletters and conference they refer, the defendants to which they refer, and what is meant by "bolstering." On that basis, Tyco and Chemguard deny the allegations of this paragraph.

179.    Paragraph 179 is denied.

180.    The allegations contained in Paragraph 180 are vague and ambiguous and, on that basis, Tyco and Chemguard deny the allegations of this paragraph.

181.    Paragraph 181 is denied.

182.    Paragraph 182 is denied.

183.    The allegations of Paragraph 183 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

184.    The allegations of Paragraph 184 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

185.    The allegations of Paragraph 185 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

186.    The allegations of Paragraph 186 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

187.    The allegations of Paragraph 187 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

188.    The allegations of Paragraph 188 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

189.    The allegations of Paragraph 189 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

190.    The allegations of Paragraph 190 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

191.    The findings of the C-8 Science Panel speak for themselves, and Tyco and Chemguard deny any attempt to characterize them. Paragraph 191 is otherwise vague and ambiguous as to what is meant by "linked to PFOA." On these bases, Tyco and Chemguard deny the allegations of this paragraph.

192.    The allegations of Paragraph 192 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

193.    The allegations of Paragraph 193 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

194.    The allegations of Paragraph 194 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

195.    The allegations of Paragraph 195 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

196.    The allegations of Paragraph 196 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

197.    The allegations of Paragraph 197 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

198.    The allegations of Paragraph 198 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

199.    The allegations of Paragraph 199 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

200.    The allegations of Paragraph 200 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

201.    The allegations of Paragraph 201 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

202.    The allegations of Paragraph 202 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

203.    The allegations of Paragraph 203 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

204.    The allegations of Paragraph 204 are not directed at Tyco or Chemguard, and Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

205.    To the extent the allegations contained in Paragraph 205 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

206.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

207.    Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

31

208.     Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

209.     Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

210.     Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

211.     Tyco and Chemguard otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

212.     To the extent the allegations contained in Paragraph 212 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

213.     To the extent the allegations contained in Paragraph 213 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

214.     To the extent the allegations contained in Paragraph 214 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

215.     To the extent the allegations contained in Paragraph 215 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants

other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

216.    To the extent the allegations contained in Paragraph 216 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

217.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 217 and, on that basis, deny them.

218.    Tyco and Chemguard admit that the EPA included PFOS and PFOA in the Third Unregulated Contaminant Monitoring Rule. The UCMR3 speaks for itself, and Tyco and Chemguard deny any attempt to characterize it. Paragraph 220 is otherwise vague and ambiguous as to what is meant by "certain water providers." On these bases, Tyco and Chemguard deny the allegations of this paragraph.

219.    Tyco and Chemguard admit that the EPA included PFOS and PFOA in its 2009 "Contaminant Candidate List." The 2009 "Contaminant Candidate List" speaks for itself, and Tyco and Chemguard deny any attempt to characterize it. Tyco and Chemguard further admit that the Safe Drinking Water Act requires EPA to publish the Contaminant Candidate List every five years.

220.    The EPA's provisional health advisory speaks for itself, and Tyco and Chemguard deny any attempt to characterize it. Paragraph 220 is otherwise vague and ambiguous.  On these bases, Tyco and Chemguard deny the allegations of this paragraph.

221.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 221 and, on that basis, deny them.

222.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 222 and, on that basis, deny them.

223.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 223 and, on that basis, deny them.

224.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 224 and, on that basis, deny them.

225.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 225 and, on that basis, deny them.

226.    Paragraph 226 is admitted.

227.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 227 and, on that basis, deny them.

228.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 228 and, on that basis, deny them.

229.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 229 and, on that basis, deny them.

230.    Tyco and Chemguard admit that some states have set their own Maximum Concentration Levels ("MCLs") for PFOA and PFOS.   Tyco and Chemguard further respond that those MCLs speak for themselves and deny any attempt to characterize them.

231.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 231 and, on that basis, deny them.

232.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 232 and, on that basis, deny them.

233.    Paragraph 233 states legal conclusions to which no response is required. Insofar as a response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations contained in Paragraph 233 are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

234.    Paragraph 234 states legal conclusions to which no response is required. Insofar as a response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

235.    The allegations of Paragraph 235 are vague and ambiguous and, on that basis, Tyco and Chemguard deny them.

236.    To the extent the allegations contained in Paragraph 236 are directed at Tyco and Chemguard, those allegations are vague and ambiguous, and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

237.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 237 and, on that basis, deny them.

238.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 238 and, on that basis, deny them.

239.     Paragraph 239 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 239.

240.     Paragraph 240 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 240.

241.     Paragraph 241 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 241.

242.     Paragraph 242 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 242.

243.     Paragraph 243 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 243.

## TOLLING OF THE STATUTE OF LIMITATIONS

244.     Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–243 of this Answer as if they were set forth in full herein.

245.     Paragraph 245 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

246.     Paragraph 246 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 246.

247.     Paragraph 247 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 247.

248.    Paragraph 248 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 248.

249.    Paragraph 249 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

250.    Paragraph 250 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

251.    Paragraph 251 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

252.    Paragraph 252 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within

them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

253.     Paragraph 253 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

254.     Paragraph 254 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 254.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Defective Product – Failure to Warn**

255.     Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–254 of this Answer as if they were set forth in full herein.

256.     To the extent the allegations contained in Paragraph 256 are directed at Tyco and Chemguard, those allegations are vague and ambiguous in that they fail to identify what is meant by "all times relevant" or to what specific acts they refer. Tyco and Chemguard admit that they manufactured and sold AFFF products. Tyco and Chemguard otherwise deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

257.    Paragraph 257 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 257.

258.    Paragraph 258 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 258.

259.    Paragraph 259 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 259.

260.    Paragraph 260 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 260.

261.    Paragraph 261 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 261.

262.    Paragraph 262 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 262.

263.    Paragraph 263 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 263.

264.    Paragraph 264 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

265.    Paragraph 265 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

266.    Paragraph 266 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at

defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

267.    Paragraph 267 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

268.    Paragraph 268 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

269.    Paragraph 269 states legal conclusions to which no response is required. Insofar as a further response is required and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are vague and ambiguous in that they fail to identify what is meant by "all times relevant to this litigation" or to what products and "intended consumers and users" they refer and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

270.     Paragraph 270 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

271.     Paragraph 271 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

272.     Paragraph 272 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

273.     Paragraph 273 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard,

Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

274.    Paragraph 274 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

275.    Paragraph 275 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

276.    Paragraph 276 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

277.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 277 and, on that basis, deny them.

278.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 278 and, on that basis, deny them.

279.     Paragraph 279 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

## SECOND CAUSE OF ACTION

### Defective Product – Design Defect (Consumer Expectations)

280.     Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–279 of this Answer as if they were set forth in full herein.

281.     To the extent the allegations contained in Paragraph 281 are directed at Tyco and Chemguard, those allegations are vague and ambiguous in that they fail to identify what is meant by "all times relevant" or to what specific acts they refer. Tyco and Chemguard admit that they manufactured and sold AFFF products. Tyco and Chemguard otherwise deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

282.     Paragraph 282 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

283.     Paragraph 283 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

284.     Paragraph 284 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

285.     Paragraph 285 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

286.     Paragraph 286 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

287.    Paragraph 287 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

288.    Paragraph 288 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

289.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 289 and, on that basis, deny them.

290.    Paragraph 290 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

291.    Paragraph 291 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard,

Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

292. Paragraph 292 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

293. Paragraph 293 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

294. Paragraph 294 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

295. Paragraph 295 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within

them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

296.     Paragraph 296 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

297.     Paragraph 297 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

298.     Paragraph 298 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

299.     Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 299 and, on that basis, deny them.

300.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 300 and, on that basis, deny them.

301.    Paragraph 301 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

### THIRD CAUSE OF ACTION

**Defective Product – Design Defect (Risk-Utility)**

302.    Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–301 of this Answer as if they were set forth in full herein.

303.    To the extent the allegations contained in Paragraph 303 are directed at Tyco and Chemguard, those allegations are vague and ambiguous in that they fail to identify what is meant by "all times relevant" or to what specific acts they refer. Tyco and Chemguard admit that they manufactured and sold AFFF products. Tyco and Chemguard otherwise deny the allegations of this paragraph. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

304.    Paragraph 304 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at

defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

305.     Paragraph 305 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

306.     Paragraph 306 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

307.     Paragraph 307 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

308.     Paragraph 308 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within

them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

309.    Paragraph 309 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

310.    Paragraph 310 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

311.    Paragraph 311 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

312.    Paragraph 312 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at

Tyco and Chemguard, those allegations are denied. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

313.    Paragraph 313 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

314.    Paragraph 314 states legal conclusions to which no response is required. Insofar as a further response is required and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are vague and ambiguous in that they fail to identify what is meant by "all times relevant to this litigation" or to what products and "intended consumers and users" they refer and, on that basis, Tyco and Chemguard deny them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

315.    Paragraph 315 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

316.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 316 and, on that basis, deny them.

317.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 317 and, on that basis, deny them.

318.    Paragraph 318 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

319.    Paragraph 319 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

## FOURTH CAUSE OF ACTION

### Negligence

320.    Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–319 of this Answer as if they were set forth in full herein.

321.    Paragraph 321 states legal conclusions to which no response is required. Insofar as a response is required, Tyco and Chemguard deny the allegations contained in Paragraph 321.

322.    Paragraph 322 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

323.    Paragraph 323 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

324.    Paragraph 324 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

325.    Paragraph 325 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard,

Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

326.    Paragraph 326 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

327.    Paragraph 327 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

328.    Paragraph 328 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

329.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 329 and, on that basis, deny them.

330.    Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 330 and, on that basis, deny them.

331.    Paragraph 331 states legal conclusions to which no response is required. Insofar as a further response is required, and to the extent the allegations of this paragraph are directed at Tyco and Chemguard, those allegations are denied, including the false premises embedded within them. To the extent the allegations are directed at defendants other than Tyco and Chemguard, Tyco and Chemguard lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny them.

## FIFTH CAUSE OF ACTION

### Violation of Voidable Transactions Act

**(E.I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc.)**

332.    Tyco and Chemguard incorporate by reference the answers to the allegations contained in Paragraphs 1–331 of this Answer as if they were set forth in full herein.

333.    The allegations of Paragraph 333 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

334.    The allegations of Paragraph 334 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

335.    The allegations of Paragraph 335 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

336.    The allegations of Paragraph 336 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

337.    The allegations of Paragraph 337 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

338.    The allegations of Paragraph 338 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

339.    The allegations of Paragraph 339 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

340.    The allegations of Paragraph 340 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

341.    The allegations of Paragraph 341 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

342.    The allegations of Paragraph 342 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

343.    The allegations of Paragraph 343 are not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

## DAMAGES

344.    Tyco and Chemguard incorporate by reference the preceding answers to the allegations of the Complaint as if they were set forth in full herein.

345.    Tyco and Chemguard deny that Plaintiff is entitled to judgment, damages or relief of any kind or amount, against Tyco or Chemguard on any count directed against them or otherwise.

346.    The relief requested in Paragraph 346 is not directed at Tyco or Chemguard, and on that basis, Tyco and Chemguard deny them.

347.    Tyco and Chemguard deny that Plaintiff is entitled to judgment, damages or relief of any kind or amount, against Tyco or Chemguard on any count directed against them or otherwise.

## AS TO THE PRAYER FOR RELIEF

Tyco and Chemguard deny the allegations in the final paragraphs of the Complaint beginning with "WHEREFORE, Plaintiff, requests the Court to enter judgment . . ." (including all sub-paragraphs) and further deny that Plaintiff is entitled to any damages or remedies against them.

## DEFENSES AND AFFIRMATIVE DEFENSES

Tyco and Chemguard assert the following defenses and affirmative defenses without assuming the burden of proof as to any issue or element that otherwise rests with Plaintiff. Tyco and Chemguard do not admit or acknowledge that they bear the burden of proof and/or burden of persuasion with respect to any of the defenses listed below. This statement of defenses and affirmative defenses is based on Tyco's and Chemguard's investigation to date, and Tyco and Chemguard reserve all rights to (i) supplement or amend these defenses and affirmative defenses during the course of litigation as new information is learned; (ii) to assert any and all other defenses or affirmative defenses now available or that may become available during the course of discovery or trial; (iii) to rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action; and/or (iv) to rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action). All of the following defenses are pled in the alternative and none constitutes an admission that Tyco or Chemguard are liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever.

1.    The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Tyco and Chemguard.

2.      The court in which the action was filed, or which Plaintiff has designated as the "Home Venue," lacks personal jurisdiction over Tyco and Chemguard, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3.      Plaintiff's claims are barred or limited for lack of standing.

4.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

7.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendants are entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8.      The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

9.      Plaintiff's claims are not ripe and/or have been mooted.

10.     Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff has failed to exhaust administrative remedies.

11.     Plaintiff is or may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

12.     Plaintiff is or may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

13.    Plaintiff is or may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

14.    Plaintiff's claims are or may be barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

15.    Any injuries and/or damages sustained by Plaintiff are barred by the doctrines of intervening cause and/or superseding cause.

16.    Plaintiff's claims are or may be barred because of unforeseeable misuse of products and/or highly reckless conduct by Plaintiff and/or other parties.

17.    Plaintiff's claims are or may be barred, in whole or in part, to the extent that Tyco's and/or Chemguard's products were unforeseeably altered.

18.    Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

19.    Plaintiff's claims are subject to all defenses that could be asserted if Plaintiff's claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiff seeks to recover.

20.    Plaintiff's claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

21.    Plaintiff's claims are or may be barred, in whole or in part, to the extent that the benefits of Tyco and/or Chemguard's products outweigh any known risks.

22.     Plaintiff's claims are barred, in whole or in part, because Tyco and/or Chemguard neither knew, nor should have known, that any of its AFFF products posed the risks alleged by Plaintiff by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Tyco and/or Chemguard at all times relevant to the claims or causes of action asserted by Plaintiff.

23.     Plaintiff's claims are or may be barred because at the time of manufacture the product was incapable of being safe and/or because the harm for which Plaintiff seeks to recover was caused by an inherent characteristic of the product which is a generic aspect of the product and cannot be eliminated without substantially compromising the product's usefulness.

24.     At all times relevant hereto, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of any unsafe, inherently dangerous, hazardous, or defective character or nature of Tyco's and/or Chemguard's AFFF products, so that there was no duty by Tyco and/or Chemguard to know of any such character or nature or to warn Plaintiff or others similarly situated or users of its products, and that, to the extent such duty arose, adequate warnings either were given or were not necessary under all circumstances.

25.     Plaintiff's claims are or may be barred, in whole or in part, because Tyco and Chemguard used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect;   (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

26.     Tyco and/or Chemguard complied with all existing rules, regulations, and/or statutes during the relevant time period and therefore has no liability to Plaintiff.

27.     Plaintiff's claims are or may be barred, in whole or in part to the extent at the time the product left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented any alleged harm without substantially impairing the reasonably anticipated or intended function of the product.

28.     Any alleged negligent or culpable conduct of Tyco and/or Chemguard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

29.     Plaintiff's claims against Tyco and Chemguard are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

30.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiff's claims against Tyco and Chemguard in whole or in part.

31.     Tyco and Chemguard had no legal relationship or privity with Plaintiff and owed no duty to them by which liability could be attributed to them.

32.     Plaintiff's medical condition was caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to him, which were unknown, unknowable, or not reasonably foreseeable to Tyco and Chemguard.

33.     Tyco and Chemguard hereby preserve any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

61

34.     Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred, and Tyco and Chemguard may not be held liable under retroactive theories not requiring proof of fault or causation.

35.      Tyco and/or Chemguard are exempt from any state law liability since the manufacture and sale of the relevant product(s) was only as a "useful product" to customers and Tyco and/or Chemguard had no control or involvement in any subsequent use, disposal or release.

36.     Plaintiff cannot assert a product liability claim to the extent that Plaintiff was not a customer or user of the relevant products manufactured, distributed or sold by Tyco and/or Chemguard.

37.     Plaintiff's claims are or may be barred, in whole or in part, to the extent Plaintiff seeks any relief inconsistent with the applicable federal or state regulatory schemes for addressing alleged releases of contaminants of concern, including because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

38.     Plaintiff's claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Tyco and/or Chemguard that are the subject of Plaintiff's claims. Tyco and/or Chemguard are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency, including without limitation, acts or omissions made in accordance with applicable statutes, regulations, permits, and industry standards to the full extent of their responsibilities.

39.     Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

40.     Plaintiff's claims are barred, in whole or in part, to the extent that they interfere with ongoing federal and state or local investigation, remediation, enforcement, allocation, and/or cost recovery efforts.

41.     Plaintiff's claims are barred to the extent any recovery would result in unjust enrichment to Plaintiff.

42.     Plaintiff's claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

43.     Plaintiff's claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

44.     Discovery may establish that Plaintiff engaged in fraudulent and/or negligent acts or omissions, and thereby are at fault for their own alleged injuries and barred from recovery based on the doctrine of *in pari delicto*, the defense of unclean hands or estoppel, or like defense.

45.     Discovery may establish that Plaintiff engaged in fraudulent or otherwise wrongful conduct and/or negligent acts or omissions, and thereby proximately caused and contributed to its own alleged injuries, and was more than fifty percent (50%) at fault. In such case, Plaintiff is barred from recovery. Even if Plaintiff's contributory fault is slight in comparison to any fault of the defendants, any recovery by Plaintiff shall be reduced in proportion to the amount of its contributory fault. *See, e.g.*, 42 Pa.C.S.A. § 7102. In addition, Tyco and Chemguard invoke any

such other statutory or common law principles of contributory negligence and comparative fault as may be deemed to apply, that permit allocation or apportionment of fault pursuant to applicable state law, and/or that permit a proportional reduction of any damages found against Tyco and/or Chemguard based on the tortious conduct of any settling tortfeasor and/or responsible third party, or Plaintiff.

46.     Neither Tyco nor Chemguard can be held jointly and severally liable for any noneconomic damages alleged by Plaintiff. As stated above, Tyco and Chemguard did not cause, in whole or in part, any of the losses or damages alleged. Even if Tyco or Chemguard were found to be partially at fault for the damages alleged—a finding that could not be supported by the law or the facts—if the proportion of fault attributable to either of them is less than sixty (60%) of the total fault allocated to all the parties, Tyco and Chemguard could not be held jointly liable. In any event, if fault is attributed to Tyco and/or Chemguard, their relative degrees of fault as compared with any other joint tortfeasors must be considered in determining their proportionate share, based on percentages of fault. *See, e.g.*, 42 Pa.C.S.A. § 7102. In addition, Tyco and Chemguard invoke any such other statutory or common law as may prohibit or limit the application of joint liability, permit allocation or apportionment of fault pursuant to applicable state law, or permit a proportional reduction of any damages found against Tyco and/or Chemguard based on the tortious conduct of any settling tortfeasor and/or responsible third party or Plaintiff. Tyco and Chemguard reserve all rights to add as third-party defendants any person or entity that it learns is at fault for the injury alleged against Tyco and Chemguard.

47.     Plaintiff's damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Tyco and/or Chemguard, and in the

event that Tyco and/or Chemguard are found to be liable to Plaintiff, Tyco and/or Chemguard will be entitled to indemnification, contribution, and/or apportionment.

48.     Any alleged fault should be allocated and/or liability apportioned to non-parties, including, but not limited to, any and all unidentified persons or entities that used, discharged or released, intentionally or otherwise, or are otherwise liable for the discharge of, PFAS or PFAS-containing products, such as AFFF, or other substances or contaminants, responsible, in whole or in part, for Plaintiff's alleged harm or injury.

49.     Plaintiff has not suffered a unitary harm and/or indivisible injury.

50.     Plaintiff has the burden of proof to apportion alleged damages and/or injuries.

51.     Plaintiff is not entitled to recover from Tyco and/or Chemguard more than Tyco's and/or Chemguard's fair, equitable, and proportionate share, if any, of the costs and damages alleged by Plaintiff or to otherwise recover from Tyco and/or Chemguard more than the amount of such relief, if any for which Tyco and/or Chemguard are liable.

52.     If it is determined that Tyco and/or Chemguard are liable for contribution under relevant federal and/or state law (which Tyco and Chemguard deny), then their equitable share of response costs should be zero or near zero.

53.     By operation of the "one satisfaction" rule and/or by application of the affirmative defense of payment (or like defense), the damages asserted by Plaintiff must be reduced by any amounts recovered by them, including without limitation, amounts received to pay for remediation efforts, settlement with third-parties (whether the result of formal proceedings or not), or other avenues of recovery.

54.    To the extent that Plaintiff has received or may receive some or all of the requested relief from a governmental agency, Tyco and Chemguard assert their entitlement to an appropriate set-off or reduction of any judgment against them.

55.    To the extent that Plaintiff has received or may receive some benefit from the manufacture or use of Tyco's and/or Chemguard's products, Tyco and Chemguard assert their entitlement to an appropriate set-off, recoupment or reduction of any judgment against them.

56.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of acquiescence, consent, justification, accord and satisfaction, ratification, settlement, or release.

57.    Plaintiff may have failed or refused to exercise timely, reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiff's failure to mitigate damages, if any.

58.    Plaintiff's recovery of damages, if any, should be reduced by the avoidable-consequences doctrine.

59.    Plaintiff's claims against Tyco and/or Chemguard are barred or limited by the economic loss rule.

60.    Plaintiff's claims are barred, in whole or in part, because costs allegedly to be incurred in the future are remote, speculative, conjectural, contingent, unreasonable, excessive, and/or arbitrary and capricious.

61.    Plaintiff's claims are barred to the extent Plaintiff's past or anticipated actions and costs to address the alleged injury have been excessive, unnecessary, unreasonable, and/or inconsistent with statutory and regulatory requirements.

66

62.     Plaintiff cannot recover any alleged damages that Plaintiff has failed to identify or disclose and/or on which Tyco or Chemguard has not had an opportunity to take discovery.

63.     Plaintiff's claims are barred by the United States Constitution and the Pennsylvania Commonwealth Constitution to the extent they would deprive Tyco and/or Chemguard of due process or the equal protection of the laws.

64.     Tyco's and Chemguard's products at issue in Plaintiff's Complaint were not inherently dangerous and did not otherwise present a foreseeable danger to Plaintiff.

65.     Tyco's and Chemguard's products at issue in Plaintiff's Complaint were reasonably fit, suitable, and safe for their intended purpose.

66.     Plaintiff was not a reasonably foreseeable or intended user of the products at issue in the Plaintiff's Complaint.

67.     The damages sought are remote and/or derivative and otherwise unavailable as a matter of law.

68.     Plaintiff's Complaint fails to state a claim against Tyco and/or Chemguard to the extent that the product(s) and/or hazardous substance(s) at issue were commercially manufactured by others, or imported into the United States by sources unrelated to Tyco and/or Chemguard.

69.     The damages sought in the Complaint are the result of unintentional or involuntary conduct by third parties and/or Tyco or Chemguard.

70.     This action is barred by Plaintiff's failure to join necessary and/or indispensable parties, including, but not limited to, fictitious parties, John Doe entities, and non-parties, without which this action should not proceed and should be dismissed.

71.     Tyco and/or Chemguard allege that Plaintiff cannot prove any facts showing that the conduct of Tyco and/or Chemguard was the cause-in-fact of any threatened or actual damages or other harm to the Plaintiff as alleged in the Complaint.

72.     Plaintiff'' claims are barred, in whole or in part, because no action or omission of Tyco and/or Chemguard was the proximate, substantial, or actual cause of Plaintiff's alleged injuries.

73.     Tyco and Chemguard deny, to the extent the actions alleged may have occurred, that any other person or entity engaging in the activities alleged (e.g., use or release of AFFF products) was acting as the agent or servant of Tyco and/or Chemguard or at the instruction or subject to the control of Tyco and/or Chemguard with regard to any of the actions described in the Complaint; thus, Tyco and Chemguard are not liable for any acts or omissions of such third parties, including, but not limited to, fictitious parties, John Doe entities, and non-parties.

74.     To the extent that the Complaint asserts, or Plaintiff pursues, "market share" liability, "enterprise" liability or any other alternative theories of liability, Plaintiff's claims are barred, in whole or in part, because the applicable law does not recognize such theories of liability or would not apply such theories of liability to the circumstances of this case.

75.     To the extent that Plaintiff's claims are based on federal or state statutes, Tyco's and/or Chemguard's conduct was lawful in all respects when taken under the federal and state laws then applicable, and it did not create or contribute to any public nuisance under any applicable law. Retroactive application of subsequently enacted federal and state statutes to Tyco's and/or Chemguard's prior conduct violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the due process limitations of the Pennsylvania Commonwealth Constitution.

76.     Plaintiff's claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Pennsylvania or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to, Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Tyco and Chemguard; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according Tyco and Chemguard the same procedural protections that are accorded to criminal defendants under the Constitutions of the United States, Pennsylvania, and/or any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

*Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007). The conduct and/or acts of Tyco and/or Chemguard as alleged in the Complaint were not and are not willful, wanton, malicious, reckless, outrageously indifferent, willfully ignorant, fraudulent, or done with a conscious indifference for any risk of harm to human health and the environment, the rights of Plaintiff, and/or the health, safety, and welfare of Plaintiff. Nor do any of the conduct and/or acts of Tyco and/or Chemguard as alleged in the Complaint demonstrate that Tyco and/or Chemguard acted with a high degree of moral culpability. In fact, Tyco and/or Chemguard exercised reasonable care at all times alleged in the Complaint and Plaintiff has failed to clearly establish any entitlement to punitive damages based on these allegations under Pennsylvania law. Imposition of punitive damages here would violate state law.

77.     Any award of punitive damages based upon vague and undefined standards of liability, or based upon any standard of proof less than "clear and convincing" evidence, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of the Pennsylvania Commonwealth Constitution, and/or the applicable laws of any relevant jurisdiction and venue.

78.     Plaintiff's claims are barred to the extent they seek to hold Tyco and/or Chemguard liable for any claims for which it would be a violation of public policy to hold Tyco and/or Chemguard liable, including but not limited to claims for punitive damages and/or penalties.

79.     Plaintiff's claims are barred to the extent that their alleged damages arise from Plaintiff's purchase and/or use of non-AFFF products containing per- and polyfluoroalkyl

substances ("PFAS"). Plaintiff is not entitled to certain relief they seek in the Complaint because Plaintiff is responsible, and/or otherwise liable, for certain acts, omissions, and damages alleged in the Complaint.

80.     Tyco and Chemguard are not liable for alleged contamination, or related costs, where chemical substances other than PFOA and PFOS exceed any applicable laws or binding regulatory standards, requiring remediation, treatment or other costs regardless of the presence of PFOA or PFOS.

81.     Plaintiff's claims are barred, in whole or in part, by various provisions, including, but not limited to, provisions concerning disclaimer of warranties, limitations of liability, exculpation of liability, and alternative dispute resolution, that are contained in contracts and/or other applicable documents, including material safety data sheets.

82.     Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff has adequate remedies at law, to the extent its claims are provable. Plaintiff's claims for equitable relief are barred, in whole or in part, because equity will not compel action that is already being undertaken and/or is unnecessary.

83.     Tyco and Chemguard are entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages, including but not limited to state tort reform measures and statutes that, although not affirmative defenses, preclude or limit Plaintiff's ability to pursue compensatory and punitive damages, limit the amount of damages available, and/ or provide procedural requirements and protections to a defendant.

84.     Plaintiff's claims are barred, in whole or in part, because Defendant did not owe a legal duty to Plaintiff or, if it owed such a duty, did not breach and/or fully discharged that duty.

85.     Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Tyco and Chemguard exercised due care with respect to their activities and took reasonable precautions against foreseeable acts or omissions of others.

86.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff cannot establish that its alleged injuries were caused by exposure to PFAS from any product(s) attributable to Tyco or Chemguard.

87.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that PFAS has been reliably established, through scientific means, to be capable of causing its alleged injuries.

88.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot establish that it was exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing alleged injuries.

89.     In the event that Tyco and/or Chemguard are liable under any of the Plaintiff's claims, which defendants deny, then the liability of Tyco and/or Chemguard would be passive, imputed, or secondary, while persons other than Tyco and/or Chemguard, whether individual, corporate, or otherwise, and whether named or unnamed in the Complaint, would be actively and primarily liable for the alleged damages.

90.     Plaintiff's request to recover attorneys' fees and expenses is barred, in whole or in part, to the extent recovery of attorneys' fees and expenses is not expressly authorized by Pennsylvania or other applicable law.

91.     Tyco and/or Chemguard reserve the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

92.     Tyco and Chemguard adopt by reference all affirmative defenses stated in Pa. R.C.P. No. 1030(a) as if set forth fully herein.

93.     Tyco and/or Chemguard adopt by reference any additional applicable defense pleaded by any other Defendants not otherwise pleaded herein.

94.     Tyco and/or Chemguard adopt by reference any additional applicable defense asserted by Tyco and/or Chemguard prior to transfer in any case transferred to this MDL.

### REQUEST FOR ALLOCATION

Tyco and Chemguard hereby advise that any co-Defendant that has settled or will settle the within matter (or that is severed) prior to conclusion of trial, the liability of any settling or severed co-Defendants shall remain an issue and Tyco and/or Chemguard shall seek an allocation of percentage of negligence or fault by the finder of fact against such a settling co-Defendant and/or a credit in favor of Tyco and/or Chemguard consistent with such allocation. Furthermore, Tyco and Chemguard hereby advise that they intend to seek an allocation of the percentage of negligence or fault by the finder of fact against any and all persons and entities, whether public or private, whether identified in the Complaint or otherwise as currently unknown and unidentified John Doe persons or identities.

### PRAYER FOR RELIEF

Tyco and Chemguard respectfully pray that the Court dismiss the Complaint with prejudice, and award Tyco and Chemguard their costs and attorneys' fees, and such other relief as this Court finds just and equitable.

### DEMAND FOR JURY TRIAL

Tyco and Chemguard hereby demand a trial by jury as to all issues so triable in this matter.

Dated: January 21, 2025

/s/ *David E. Dukes*

Joseph G. Petrosinelli
Liam J. Montgomery
J. Liat Rome
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, DC 20024
P: (202) 434-5547
F: (202) 434-5029
jpetrosinelli@wc.com
lmontgomery@wc.com
lrome@wc.com

David E. Dukes (Fed. Bar No. 635)
Amanda S. Kitts (Fed. Bar No. 9005)
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000
david.dukes@nelsonmullins.com
amanda.kitts@nelsonmullins.com

*Counsel for Defendants Tyco Fire
Products LP and Chemguard, Inc*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.


<u>/s/ *David E. Dukes*</u>
David E. Dukes